ORDER
SAYRE, JUDGE:
An application of the claimant, Ronnie Lee Hodge, for an award under the West Virginia Crime Victims Compensation Act, was filed November 10, 2005. The report of the Claim Investigator, filed June 22, 2006, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on August 18, 2006, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed August 23, 2006. This matter came on for hearing January 24, 2007, the claimant appearing in person and by counsel, Marsha Dalton, and the State of West Virginia by counsel, Benjamin F. Yancey III, Assistant Attorney General.
In the early morning hours of November 15, 2003, the 48-year-old claimant was the victim of criminally injurious conduct in Kenova, Wayne County. After exiting an establishment known as the Coney Island Bar, the claimant was attacked by the owner, Shirley McCain (sp), who struck him with a “slapjack,” breaking his nose.
In its initial denial of an award in this claim, the Court found that the crime was not timely reported to law-enforcement officials as required by W.Va. Code §14-2A-14(b) which states in part: “... The judge or commissioner may not approve an award of compensation if the criminally injurious conduct upon which the claim is based was not reported to a law-enforcement officer or agency within seventy-two hours after the occurrence of the conduct, unless it is determined that good cause existed for the failure to report the conduct within the seventy-two hour period.” According to the Claim Investigator, the incident occurred on November 15,2003, but was not reported to police until November 27, 2003.
Testifying at the hearing of this matter was Harold David Osborne, who stated that he, the claimant, and another individual had been drinking at the residence shared by the claimant and Mr. Osborne. They were celebrating the claimant’s birthday. The claimant and the other individual left at approximately 11:00 p.m. to go to the bar. When they returned at 4:00 a.m., the claimant had blood all over him. Mr. Osborne asked what had happened, and the claimant revealed that Shirl McKeand (sic) had hit him with a blackjack. Mr. Osborne advised the claimant to call the police, and an officer from the Kenova Police Department arrived at about 4:30 a.m. The officer *213 took information from the claimant and advised him to file a report first thing in the morning.
According to Mr. Osborne, the claimant did in fact go to file the report between 9:00 a.m. - 10:00 a.m. Their neighbor, Don Davis, gave him a ride to the station, and the claimant walked back
The next witness to testify was Tony Simpkins, who had accompanied the claimant to the bar. Mr. Simpkins confirmed that they had gone to the bar to celebrate the claimant’s birthday. They drank a few beers and shot a few games of pool. As they were getting ready to leave, Shirl the bar owner and the claimant had a few words. Mr. Simpkins stated that he had gone to the rest room, and when he returned, he heard the claimant ask Shirl if he could get a case of beer on credit, and they exchanged a few more words. According to Mr. Simpkins, they were outside when Shirl began striking the claimant in the face with a slapjack. When questioned about the possible motive for the assault, Mr. Simpkins opined that a fight had almost broken out in the back of the bar, which angered Shirl. The claimant was not a party to that activity.
The final witness to testify was the claimant, who confirmed the version of events as described by Mr. Simpkins. Upon cross-examination, the claimant admitted that he had consumed three beers before leaving his residence that evening, and then drank seven more at the bar. The claimant also stated that the police report date of November 27, 2003, was incorrect; that he had in fact gone to file police station the morning of the assault, November 15,2003.
Based on the foregoing, the Court finds that the claimant has met his burden of proving that the criminal conduct was in fact timely reported to law-enforcement authorities. An award is therefore warranted. By memorandum dated March 5,2007, the Claim Investigator found the claimant’s unreimbursed allowable expenses to be $6,720.00. Accordingly, an award in that sum is hereby granted. Should the claimant later submit documentation of additional unreimbursed allowable expenses relating to the incident giving rise to this claim, the matter will again be reviewed by the Court.